UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VERONICA L. BOOCHER,<br><br>Plaintiff,<br><br>v.<br><br>PRIME MARKETCARE ONE, INC.,<br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-00632<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes VERONICA L. BOOCHER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PRIME MARKETCARE ONE, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, as well as for Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful and tortious conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a 31 year-old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a health insurance provider who, in connection with their business, routinely engaged in telemarketing seeking the business of consumers throughout the United States, including the state of Ohio. Defendant is a corporation organized under the laws of the State of Florida with its principal place of business located at 1040 Bayview Drive, Suite 610, Fort Lauderdale, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. Around the winter of 2019, Plaintiff began receiving calls to her cellular phone, (937) XXX-7496, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7496. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. When placing calls to Plaintiff's cellular phone, Defendant primarily uses the number (937) 240-4746, but upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its solicitation activities.

12. During answered calls, Plaintiff had to endure a noticeable pause, lasting several seconds in length, and had to say "hello" several times before being connected to a live representative.

13. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was calling to solicit her to purchase health insurance from them.

14. Plaintiff was confused as to why she was getting calls from Defendant, as she had not inquired into Defendant's products and services nor consented to receiving any phone telemarketing phone calls from Defendant.

15. Plaintiff informed Defendant that she was not interested in their services, demanded that Defendant stop calling, and asked that she be removed from its calling list.

16. Notwithstanding Plaintiff's demands, Defendant's relentless solicitation calls continued, including upwards of four calls per day.

17. Plaintiff would answer some of these calls and further demand that Defendant stop its harassing phone call campaign, repeatedly asking to speak with a manager.

18. On multiple occasions, immediately after Plaintiff would request that Defendant cease its contacts, Plaintiff would receive multiple, consecutive phone calls from Defendant.

19. Furthermore, Defendant would often hang up upon Plaintiff following her request to speak with a manager.

20. However, Plaintiff was eventually able to speak with a manager on multiple occasions.

21. During one such occasion, Defendant's representative informed Plaintiff that she would be removed from the calling list within 24 hours.

22. However, Plaintiff was not removed from Defendant's call list within 24 hours, as she continued receiving multiple calls per day from Defendant.

23. During another conversation between Plaintiff and a manager with Defendant, Plaintiff was informed that if she put her name on the national do-not-call registry, the phone calls would stop.

24. Believing Defendant, Plaintiff put her number on the national do-not-call registry.

25. However, Plaintiff was still bombarded with relentless phone calls from Defendant attempting to solicit her business.

26. Plaintiff has received not less than 50 phone calls from Defendant attempting to solicit her business absent consent and after she repeatedly demanded that Defendant stop calling.

27. Defendant acted unreasonably in response to Plaintiff's do not call requests, as – despite its apparent ability to stop calls to Plaintiff within 24 hours of a do not call request – Defendant failed to do so and instead subjected Plaintiff to multiple solicitation calls, all in an effort to harass Plaintiff into purchasing its products and services.

28. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

29. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

30. Plaintiff has suffered and continues to suffer emotional distress and mental anguish as a direct result of the unlawful and harassing solicitation practices of Defendant.

31. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

32. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies repeated nuisance telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

35. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, that Plaintiff experienced upon answering Defendant's phone calls is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts, including repeated phone calls after Plaintiff demanded that the phone calls stop and multiple phone calls on the same day within short succession, points to the involvement of an ATDS.

36. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff did not consent to receiving phone calls from Defendant. Any consent Plaintiff may have given to be contacted by Defendant using an ATDS was explicitly revoked upon her demands to cease contact.

37. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

38. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VERONICA L. BOOCHER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Defendant, through its barrage of phone calls, has repeatedly and intentionally invaded Plaintiff's privacy.

41. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

42. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

43. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's harassing phone call campaign.

44. These persistent solicitation calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought her cellular phone.

45. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into purchasing its goods and services, Plaintiff had no reasonable escape from these incessant calls.

46. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

47. Defendant's relentless solicitation efforts and tactic of repeatedly auto dialing Plaintiff's cellular phone absent consent, after Plaintiff informed Defendant she was not interest in its services, and after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

48. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing over 50 unconsented phone calls to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, VERONICA L. BOOCHER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-TRESPASS TO CHATTELS

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

51. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

52. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

53. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

54. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

55. Defendant barraged Plaintiff with dozens of calls over a short period of time, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

56. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff repeatedly stated that Defendant must cease contacting her.

57. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to her cellular phone, the loss of battery charge, and the loss of battery life.

58. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

WHEREFORE, Plaintiff, VERONICA L. BOOCHER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief this Honorable Court deems equitable and just.

Dated: March 25, 2020

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Ohio
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com